UNITED STATES DISTRICT COURT
FILED
AUG 14 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN ANTONI AGUILAR GUZMAN,

Petitioner,

v.

6:26-CV-6655 (JLS)

MICHAEL BALL, *in his official capacity as Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*; PHILIP RHONEY, *in his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*; DAVID VENTURELLA, *in his official capacity as Senior Official Performing the Duties of the Director, U.S. Immigration & Customs Enforcement*; TODD BLANCHE, *in his official capacity as United States Attorney General*; MARKWAYNE MULLIN, *in his official capacity as Secretary of Homeland Security*;

Respondents.[1]

## DECISION AND ORDER

Petitioner John Antoni Aguilar Guzman, a citizen and national of Mexico, commenced this habeas corpus proceeding under 28 U.S.C. § 2241, challenging his continued detention in the custody of the Department of Homeland Security ("DHS"). *See* Dkts. 1, 6. For the reasons below, Petitioner's petition is dismissed.

[1] The caption has been updated pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

In October 2011, Petitioner unlawfully entered the United States. Dkt. 1, at 3 ¶ 1. He was not encountered by immigration authorities upon entry. *Id.*; *see also* Dkt. 6, at 2 (Petitioner "arrived in the United States at an unknown location" and "was not admitted or paroled."). He "made a life in the [American] community" for the next fifteen years. Dkt. 1, at 3 ¶ 3. On June 6, 2026, he was detained by Respondents. *Id.* at 3 ¶ 1.

On June 23, 2026, Petitioner was scheduled to have a custody redetermination hearing. Dkt. 6, at 3; Dkt. 6-2 at 13. The hearing did not take place, however, because Petitioner withdrew his request for it. Dkt. 6, at 3. Petitioner nonetheless remains eligible for a custody redetermination hearing, should he renew his request for one with the immigration court. *See generally* Dkt. 8.

Petitioner filed a petition on June 25, 2026, seeking a writ of habeas corpus releasing him and providing that Respondents not re-detain him without "a pre-deprivation hearing at which the government bears the burden . . . ." Dkt. 1, at 17. Respondents moved to dismiss this case on the grounds that Petitioner had not exhausted his administrative remedies before filing a petition with this Court and that this Court is unable to order Petitioner's release. Dkts. 5–6. Petitioner replied, arguing that he did not need to exhaust administrative remedies because exhaustion was futile and that he should either receive a bond hearing with the burden of proof on the Government or immediate release. Dkt. 7. Respondents

then submitted a further filing, arguing that exhaustion was not futile, that it was incorrect to determine the burden of proof of a bond hearing at this stage, and that immediate release should be denied. Dkt. 8.

Because this Court finds that administrative exhaustion is warranted, the petition must be dismissed.

## DISCUSSION

A "habeas petitioner must normally exhaust administrative remedies before seeking federal court intervention." *Castillo Lachapel v. Joyce*, 786 F. Supp. 3d 860, 864 (S.D.N.Y. 2025) (quoting *Michalski v. Decker*, 279 F. Supp. 3d 487, 495 (S.D.N.Y. 2018) (subsequent citation omitted). Although "Section 2241 does not include a statutory exhaustion requirement, courts generally require exhaustion as a 'prudential matter.'" *Hossain v. Barr*, No. 6:19-CV-06389-MAT, 2019 WL 5964678, at *3–5 (W.D.N.Y. Nov. 13, 2019) (quoting *Michalski*, 279 F. Supp. 3d at 495 (subsequent citation and internal quotation marks omitted)). In the Second Circuit, a "district court may excuse prudential exhaustion where: '(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.'" *Batista v. Genalo*, No. 1:26-cv-05408-MKV, 2026 WL 2169849, at *3 (S.D.N.Y. July 28, 2026) (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)).

Petitioner argues that exhaustion should be excused because the available administrative remedies would be futile. *See* Dkt. 7, at 1 ("This Court has held that, in a nearly identical matter, exhaustion was futile . . . ."). He also argues that exhaustion ought to be excused because it is a prudential, not a statutory, requirement, and the process to appeal bond before the Board of Immigration Appeals is too long and cumbersome to be prudential. *Id.* at 1–2.

In order "to understand the futility exception to the exhaustion requirement, the purposes behind the requirement of exhaustion . . . should be understood." *Beharry*, 329 F.3d at 62 (quoting *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993)). These purposes include "protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." *Id.* at 62. If a petitioner shows "that pursuing available administrative remedies would be futile," then "a court will release the [petitioner] from the exhaustion requirement" because "the purposes behind the requirement of exhaustion are no longer served." *Id.* (quoting *Kennedy*, 989 F.2d at 594). But it is not enough for a petitioner to argue that his or her claim would likely fail in immigration court to demonstrate "that it would . . . be[] futile to raise it" there. *Id.*

Here, Petitioner essentially argues that, because he believes his claim may fail in immigration court, it would be futile to raise it there. This is not enough to establish futility. Further, prudence "counsels judicial restraint . . . , especially in

the immigration arena in which the federal government's political branches exercise plenary authority." *Michalski*, 279 F. Supp. at 497 (citing *Rajah v. Makasey*, 544 F.3d 427, 438 (2d Cir. 2008)). Additionally, "the substance of ICE's individualized determination" . . . "is outside [of] the Court's jurisdiction." *Marshall v. Arteta*, 1:26-cv-04110-MKV, 2026 WL 1724311 (S.D.N.Y. June 15, 2026) (quoting *Fontanelli ex rel. Bernal Garcia v. Francis*, No. 25-cv-7115, (JLR), 2025 WL 2773234, at *8 (S.D.N.Y. Sept. 29, 2025)). Petitioner may request a custody redetermination hearing before an immigration judge.

## CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss, Dkt. 5, is granted, and the Petition is dismissed without prejudice.

The Clerk of Court shall close this case.

SO ORDERED.

Dated: August 14, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE